UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NATALIA HOSPITAL

      Plaintiff,

v.                             CASE NO.:

3H GROUP, INC.,

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff NATALIA HOSPITAL (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant 3H GROUP, INC. (hereinafter "Defendant"), and states the following:

## NATURE OF CASE

1. This is a claim by Plaintiff against her former employer for violations of the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991, 42 U.S.C. §1981a (collectively "Title VII"), and the Florida Civil Rights Act §§ 760.01-760.11, Florida Statutes ("FCRA") and the Pregnancy Discrimination Act of 1978 ("PDA"), which amended Title VII of the Civil Rights Act of 1964. As a result, and for the violation of Plaintiff's rights to be free from gender discrimination. Plaintiff seeks to recover front pay, back pay, an equal amount as liquidated damages,

reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which the Plaintiff is entitled, including but not limited to, equitable relief.

## PARTIES

2. Plaintiff was hired by Defendants in or around November 2020.

3. Plaintiff is employed for Defendant as a Night Auditor.

4. Defendant owns, controls, and operates hotels in the state of Florida including the location where Plaintiff was employed.

## JURISDICTION & VENUE

5. Jurisdiction of this matter arises pursuant to 28 U.S.C. §1331 with federal questions involving Title VII. An express grant of federal court jurisdiction over this federal claim is found in Title VII at 42 U.S.C.§2000e-5(f)(3).

6. This Court has supplemental jurisdiction over Plaintiff's state law claims.

7. The acts and omissions giving rise to this action occurred in Orlando, Florida.

8. Defendant conducts business in Orlando, Florida.

9. Plaintiff was employed with Defendant in Orlando, Florida.

10. Defendant was an employer as defined by the laws under which this action is brought and employs greater than 15 employees.

11. This is an action at law raises a federal question under federal law.

12. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331.

13. Venue is proper in because the illegal conduct occurred within the judicial district in and for this District.

## STATUTORY PREREQUISITES

14. Plaintiff is a female individual who suffered discrimination based on her gender, pregnancy and retaliation.

15. Plaintiff is a member of a class of individuals protected by Title VII and the FCRA.

16. Plaintiff was qualified for her position of employment as a Night Auditor.

17. The Defendant meets the statutory criteria for coverage as an "employer" under Title VII and the FCRA.

18. Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII and the FCRA.

19. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on January 5, 2022.

20. The EEOC issued a Notice of Right to Sue on May 19, 2022.

21. Plaintiff brings this suit within ninety (90) days of receipt of her Notice of Right to Sue.

22. Additionally, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

23. Plaintiff has satisfied all administrative prerequisites to perfect her claim.

## FACTUAL ALLEGATIONS

24. Plaintiff was hired in November 2020 as a Night Auditor.

25. Her quality of work was quickly recognized by Defendant.

26. In early May 2021, Plaintiff was offered, and she accepted, a promotion.

27. Shortly thereafter, Defendant began training Plaintiff for her promotion.

28. In late May 2021, Plaintiff learned she was pregnant and informed her manager of the same.

29. Defendant immediately stopped training Plaintiff for her promotion.

30. Defendant stated that after Plaintiff's maternity leave, her training would continue.

31. However, following her return from maternity leave, Defendant did not continue Plaintiff's training for her promotion.

32. In fact, Defendant gave the promotion the promotion that Plaintiff was offered to a male employee.

33. In addition to being passed over for the promotion, Plaintiff has slowly seen responsibilities being taken from her because of her pregnancy.

34. Plaintiff also received heightened scrutiny regarding pregnancy related absences, despite her following all proper call-out procedures.

35. Plaintiff was also passed over for another promotion in August 2021.

## COUNT I
## GENDER DISCRIMINATION IN VIOLATION TITLE VII

36. Plaintiff realleges and adopts allegations contained in paragraphs 1-35, as though fully stated herein.

37. Plaintiff is a member of a protected class because she is female.

38. At all material times, Plaintiff was qualified to perform her job duties.

39. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against discrimination under Title VII because it treated Plaintiff less favorably because of her gender.

40. Defendant did not subject the male employees to discriminatory treatment.

41. Plaintiff suffered an adverse employment action when she was passed over for several promotions.

42. The discrimination to which Plaintiff was subjected was based on her gender.

43. Defendant does not have a legitimate, non-discriminatory reason for not promoting Plaintiff.

44. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

45. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

46. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

47. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff respectfully requests entry of:

a. judgment that the discrimination/harassment against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

d. compensatory damages;

e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

f. judgment interest, and, if applicable, post-judgment interest;

g. reasonable attorneys' fees and litigation expenses against Defendant; and

h. any additional relief that this Court deems just.

## COUNT II
## GENDER DISCRIMINATION IN VIOLATION OF FCRA

48. Plaintiffs realleges and adopts all allegations contained within paragraphs 1-35, as though fully stated herein.

49. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

50. Defendant discriminated against Plaintiff based on her gender.

51. Defendant engaged in unlawful employment practices prohibited by the FCRA by discriminating against Plaintiff as set forth above.

52. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

53. At all material times, Plaintiff was qualified to perform her job duties.

54. Defendant discriminated against Plaintiff because of her gender.

55. Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

56. The above discrimination was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Injunctive relief;

f. Prejudgment interest;

g. Costs and attorney's fees; and

h. Such other relief as the Court may deem just and proper.

## COUNT III
## RETALIATION IN VIOLATION OF TITLE VII

57. Plaintiff realleges and adopts allegations contained in paragraphs 1-35, as though fully stated herein.

58. Plaintiff engaged in statutorily protected activity when she complained to Defendant regarding the discriminatory behavior against her.

59. Plaintiff suffered an adverse employment action when she was subjected to unfounded discipline and having her promotion rescinded.

60. A causal connection exists between the protected activity and the adverse action.

61. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against retaliation under Title VII because it treated Plaintiff less favorably because of her complaints of discrimination.

62. Defendant does not have a legitimate, non-discriminatory reason for its treatment of Plaintiff.

63. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

64. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

65. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

66. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

WHEREFORE, Plaintiff respectfully requests entry of:

 a. judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under Title VII;

 b. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through an award of back pay;

 c. require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

 d. compensatory damages;

 e. judgment against Defendant for damages, including punitive damages (when ultimately pled and approved by this Court);

 f. judgment interest, and, if applicable, post-judgment interest;

 g. reasonable attorneys' fees and litigation expenses against Defendant; and

 h. any additional relief that this Court deems just.

## COUNT IV
## RETALIATION IN VIOLATION OF FCRA

67. Plaintiff reincorporates and adopts all allegations contained within 1-35, as though fully stated herein.

68. Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

69. At all material times, Plaintiff was qualified to perform her job duties.

70. Defendant retaliated against Plaintiff because of her complaints about gender discrimination.

71. Plaintiff engaged in a protected activity by making numerous complaints to Defendant regarding gender discrimination.

72. Defendant engaged in unlawful employment practices prohibited by the FCRA by retaliating against Plaintiff as set forth above.

73. The above retaliation was done by Defendant with a reckless disregard for Plaintiff's rights under federal law. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation, great expense, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

   a. Back pay and benefits;

   b. Interest on back pay and benefits;

   c. Front pay and benefits;

   d. Compensatory damages for emotional pain and suffering;

   e. Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT V
## PREGNANCY DISCRIMINATION ACT, TITLE VII

74. Plaintiff restates and incorporates herein the foregoing paragraphs 1-35.

75. Based on the conduct described in this Complaint, Defendant is liable for discrimination and harassment (hostile work environment) in violation of the Pregnancy Discrimination Act.

76. Defendant's conduct constitutes unlawful disregard and indifference to Plaintiff.

77. Defendant's conduct harmed and caused damage to Plaintiff.

78. Defendant does not have a legitimate, non-discrminatory reason for its treatment of Plaintiff.

79. The conduct of Defendant and its agents and employees, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

80. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of the Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter Defendant, and others, from such conduct in the future.

81. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses.

82. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Injunctive relief;

    f. Prejudgment interest;

    g. Costs and attorney's fees; and

    h. Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 17th day of August, 2022.

Respectfully submitted,
s/ Edward W. Wimp
Edward W. Wimp, Esquire – LEAD COUNSEL
FBN: 1015586
Email: ewimp@theleachfirm.com

Anthony Hall, Esquire
FBN: 0040924
Email: ahall@theleachfirm.com

THE LEACH FIRM, P.A.
631 S. Orlando Ave., Suite 300
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 813-7513

Attorneys for Plaintiff